JUSTICE HUNT
dissenting.
I dissent. I recognize the difficulty these cases present and the dilemma often faced by law enforcement officers, prosecutors, and district judges, but the statute does provide that to prove imminent threat of injury requires some sort of overt act, recent enough in time to be relevant to the respondent’s condition. Section 53-21-126(2), MCA. I agree with Justice Morrison’s dissent in Matter of J.P., 217 Mont. 504, 511, 705 P.2d 598, 603 (Morrison, J., dissenting), where he said that “courts should be vigilant in protecting the rights of those sought to be committed. The discharge of judicial responsibility includes rigorous application of the statutory mandate.” As in that *215 case, the State here has failed to prove that E.M. took any actions to demonstrate a present danger to either herself or to others. She is a 57-year-old widow who has shown no inclination toward violence, and has only made verbal threats. If we allow verbal threats alone to be sufficient to lock somebody up for 90 days, whether or not at their own expense, we have gone a long way away from our judicial responsibility.